UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01576-SSS-DMKx | Date | July 21, 2026 |
| Title | *Life Insurance Company of North America v. Hanna Zaidi et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DIRECTING DISBURSEMENT OF INTERPLEADED FUNDS TO SHAHPER KHALID-ZAIDI**

## I. BACKGROUND

Javid Zaidi (also spelled "Javed" in portions of the record) was insured under group life insurance Policy No. FLX-967877 (the "Policy"), issued by Plaintiff Life Insurance Company of North America ("LINA") to the Trustee of the Group Insurance Trust for Employers in the Construction Industry, under which his employer, Matrix Service Company ("Matrix"), was a subscriber. [Dkt. No. 12, First Amended Complaint in Interpleader, or "FAC" ¶¶ 8–9]. Javid Zaidi died on December 29, 2023. [*Id.* ¶ 10]. There are two types of coverage at issue in this action: voluntary life insurance and basic, company-provided coverage. [*Id.* ¶ 11]. Javid Zaidi designated Defendant Hanna Zaidi as the beneficiary of $100,000 in voluntary life insurance benefits, which LINA already paid to Hanna Zaidi. [*Id.*]. However, he did not designate a beneficiary for the basic coverage at issue in this trial. [*Id.*]. The Policy provides that if no beneficiary is designated, death benefits are payable to the first surviving class of relatives in this order: spouse, children,

parents, siblings, or the executors or administrators of the insured's estate. [*Id.* ¶ 12; Dkt. No. 85 at LINA 0043 ("To Whom Payable")].

Both Hanna Zaidi and Defendant Shahper Khalid-Zaidi claim entitlement to the basic coverage proceeds as the spouse of Javid Zaidi. [FAC ¶ 13]. Hanna Zaidi submitted a claim form to LINA, listing herself as Javid Zaidi's spouse. [*Id.* ¶¶ 14–15]. Shahper Khalid-Zaidi submitted a copy of her marriage certificate with Javid Zaidi, which showed they were married in Clark County, Nevada, on November 2, 2008. [*Id.* ¶ 16; Dkt. No. 57, Ex. 1]. On February 22, 2024, LINA informed Hanna Zaidi that her claim was denied, noting there was no beneficiary designation for the basic life coverage and that she was not in the first surviving class of relatives under the "To Whom Payable" provision of the Policy. [FAC ¶ 17; Dkt. No. 87-1 at LINA 0159]. Hanna Zaidi advised that she was probating the will and requested that LINA not pay the proceeds to Shahper Khalid-Zaidi. [FAC ¶ 18].

On June 5, 2024, LINA received an appeal from Hanna Zaidi, again requesting that LINA not pay the proceeds to Shahper Khalid-Zaidi, whom she described as Javid Zaidi's ex-spouse divorced in January 2016. [*Id.* ¶ 19]. Due to the existence of the conflicting claims, LINA determined that the Policy benefits could not be paid to either claimant and filed this interpleader action. [*Id.* ¶ 21; *see* Dkt. No. 14]. The parties agreed that LINA could deposit the interpleader funds, $232,608.95, into the registry of the Court in an interest-bearing account, pending disbursement in accordance with the orders of this Court. [Dkt. No. 22]. The funds were deposited on September 16, 2024. [Dkt. No. 24]. On February 5, 2025, the Court discharged LINA from the action and directed the Clerk to disburse $6,000 from the deposited funds to LINA as reasonable attorneys' fees and costs. [Dkt. No. 45].

In a separate probate action in Riverside County Superior Court, Case No. PRRI2400959, the probate court ruled on May 13, 2025, that (1) Shahper Khalid-Zaidi is the legal wife and surviving spouse of Javid Zaidi, (2) Hanna Zaidi is not the legal wife, and (3) Hanna Zaidi is not a putative spouse. [Dkt. No. 48 at 7].

This Court held the first day of the bench trial on January 20, 2026, at which both Defendants testified. [Dkt. No. 81]. Because the Court determined that neither Defendant was in possession of the Policy, the Court ordered LINA to show cause as to why it should not be brought back into the action as the only entity in possession of crucial documents. [Dkt. No. 82]. LINA responded by producing a true copy of the Policy on February 2, 2026, and its remaining non-privileged claim file documents, bates-stamped LINA 0001 through LINA 0281,

on February 9, 2026. [Dkts. No. 85; 87]. To provide the litigants time to review these documents, the Court continued the trial to March 10, 2026. [Dkt. No. 88]. Hanna Zaidi filed additional documents as directed by the Court on February 18, 2026. [Dkt. No. 89]. The Court held the second and final day of the bench trial on March 10, 2026, heard closing arguments, and took the matter under submission. [Dkt. No. 91]. Having considered the testimony, the admitted exhibits, and the parties' pretrial submissions, the Court now issues its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) and rules in favor of Shahper Khalid-Zaidi.

## II. FINDINGS OF FACT

Javid Zaidi's basic coverage was company-provided. His employer's benefits records describe it as "Company Provided Life Insurance," with coverage beginning June 1, 2018, and no subsequent changes. [Dkt. No. 87-1 at LINA 0079]. Unlike the voluntary coverage, the basic coverage did not require Javid Zaidi to actively enroll or make any election. A Matrix benefits associate explained that when signing up for benefits, the optional life policy requires the employee to name a beneficiary, and that is where Javid Zaidi named Hanna Zaidi; however, the enrollment system does not automatically assign that beneficiary to the company-provided policy. [Dkt. No. 89 at 6].

Consistent with this enrollment structure, the record establishes that no one is designated as a beneficiary for the basic coverage. A screenshot of Javid Zaidi's file within Matrix's benefits database reflects no person listed under "Beneficiaries" for the company-provided coverage. [Dkt. No. 87-1 at LINA 0079]. Hanna Zaidi is listed as the designated beneficiary only for the optional life coverage. [*Id.* at LINA 0080–0081]. Although Hanna Zaidi was listed as a "contact" in Matrix's database, LINA's claim personnel determined that it could not assume there was an error, that the employee failed to put the designation in the correct area, and that a designation could not simply be moved from the contact section to the beneficiary section. [*Id.* at LINA 0148]. LINA accordingly treated the basic coverage as undesignated and processed the claim under the Policy's preference beneficiary provision. [*Id.* at LINA 0105, 0148]. On February 22, 2024, LINA denied Hanna Zaidi's claim for the basic coverage benefits on that basis, quoting the "To Whom Payable" provision of the Policy. [*Id.* at LINA 0159–0161].

The "To Whom Payable" provision states: "Death Benefits will be paid to the Insured's named beneficiary, if any, on file at the time of payment. If there is no named beneficiary or surviving beneficiary, Death Benefits will be paid to the

first surviving class of the following living relatives: spouse; child or children; mother or father; brothers or sisters; or to the executors or administrators of the Insured's estate." [Dkt. No. 85 at LINA 0043].

The Court acknowledges that some of the evidence Hanna Zaidi submitted suggests that she may have been personally closer to Javid Zaidi at the time of his death, and that he may have intended for the basic coverage benefits to go to her as well. However, the record contains no evidence that Javid Zaidi ever designated, or attempted to designate, any beneficiary for the basic coverage, and the Court declines to speculate as to whose name he would have put down had he known or remembered to do so. The Court finds as a matter of fact that Javid Zaidi did not designate a beneficiary for the basic coverage.

Finally, the probate court found, after a multi-day evidentiary hearing, that Shahper Khalid-Zaidi and Javid Zaidi were legally married in Nevada in November 2008 and remained married at the time of his death, and that Hanna Zaidi's claims of a legal, religious, or putative marriage were not credible. [Dkt. No. 48 at 5–7].

## III. CONCLUSIONS OF LAW

In an interpleader action, once the stakeholder has been discharged, the action proceeds to a second stage in which the court adjudicates the adverse claims of the remaining claimants to the interpleaded funds. *See Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). The Policy funds an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and benefits must therefore be distributed in accordance with the plan documents. [FAC ¶ 1]. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009).

### A. Collateral Estoppel

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). "If the former judgment is a state court judgment, the court applies the res judicata and collateral estoppel rules of the state." *Lodin v. Bank of America, N.A.*, No. C–13–04847 JSC, 2014 WL 296927, at *2 (N.D. Cal. Jan. 27 2014); *see Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a

state-court judgment as another court of that State would give."). The Court thus looks to California law to determine if the judgment of the Riverside County probate court has preclusive effect in this action.

California courts will apply collateral estoppel only if the following five threshold requirements are met: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding, (2) this issue must have been actually litigated in the former proceeding, (3) it must have been necessarily decided in the former proceeding, (4) the decision in the former proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990)).

Here, the Court finds that relitigation of spousal status is collaterally estopped by the state probate court ruling. First, the issue sought to be precluded is identical to that of the probate court case—at the crux of this case is whether Hanna Zaidi is the legal spouse of Javid Zaidi and is thus entitled to the basic coverage benefits. Second, this issue was actually litigated in probate court: the court there found that "Mr. [sic] Shahper Zaidi has proven that her marriage is valid. She and Javid Zaidi were legally married in Nevada. Their certified abstract of marriage has been filed with the court. No further authentication is required under the probate code . . . the court does not find Ms. Hanna Zaidi's assertion of a legal marriage to Javed Zaidi true." [Dkt. No. 48 at 5]. Third, this issue was necessarily decided because it was the central issue in the probate court case as well. [*Id.* at 1 ("This case came before the court to determine who is the legal, surviving spouse of Javed Azhar Zaidi.")]. Fourth, the decision was final and on the merits, as seen by the court's lengthy factual and legal findings. [*Id.* at 2–6; *id.* at 7 ("The court finds that Mr. [sic] Shahper Khalid Zaidi is the legal wife of Javed Azhar Zaidi . . . that Ms. Hanna Zaidi is not the legal wife of Javed Azhar Zaidi . . . that Ms. Hanna Zaidi is not the putative spouse of Javed Azhar Zaidi.")]. Lastly, the party against whom preclusion is sought, Hanna Zaidi, was also a party in the probate court case. [*Id.* at 1].

As such, the Court finds that Hanna Zaidi is precluded by collateral estoppel from relitigating her spousal status in relation to Javid Zaidi. Shahper Khalid-Zaidi is the legal and surviving spouse of Javid Zaidi.

### B. Entitlement to the Basic Coverage Proceeds Under the Policy

Because Javid Zaidi did not designate a beneficiary for the basic coverage, the "To Whom Payable" provision controls, and the death benefits pass to the first surviving class of living relatives, beginning with the spouse. [Dkt. No. 85 at LINA 0043]. As the legal and surviving spouse of Javid Zaidi, Shahper Khalid-Zaidi is the sole member of the first surviving class and is entitled to the basic coverage proceeds under the plain terms of the Policy.

The Court is not free to reach a different result based on speculation about Javid Zaidi's unexpressed intent. Even accepting that Javid Zaidi may have maintained a personal connection to Hanna Zaidi at the time of his death, and that the absence of a designation may well have been inadvertent given the automatic nature of the company-provided coverage, it is not the role of the Court to guess whose name the decedent would have designated had he known or remembered to do so. ERISA directs that benefits be paid in accordance with the plan documents as written, precisely to avoid this type of inquiry into a deceased participant's subjective wishes. *See Kennedy*, 555 U.S. at 300–01 ("The point is that by giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent . . . ."). Nor does Javid Zaidi's listing of Hanna Zaidi as a "contact" in his employer's database constitute a beneficiary designation, as the record reflects that his employer and LINA maintained the contact and beneficiary records separately and that no designation was ever made in the beneficiary section for the basic coverage. [Dkt. No. 87-1 at LINA 0079, 0148].

## IV. CONCLUSION

For the foregoing reasons, the Court finds in favor of Defendant Shahper Khalid-Zaidi and against Defendant Hanna Zaidi. Under the terms of the Policy, Shahper Khalid-Zaidi, as the legal and surviving spouse of Javid Zaidi, is entitled to the basic coverage death benefits. The Court **DIRECTS** the Clerk of Court to disburse to Shahper Khalid-Zaidi the interpleaded funds remaining on deposit in the registry of the Court, together with all accrued interest, less any fees authorized by law and the $6,000 previously disbursed to LINA. [See Dkt. No. 45]. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**